978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence Joseph MAYER, Plaintiff-Appellant,
v.
Joseph MAGILL, Dr.; Pima County Board of Supervisors,
Defendants-Appellees.
 No. 92-15564.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 28, 1992.
 
 Before SNEED, BEEZER and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence J. Mayer, an Arizona State Prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Mayer contends that defendants violated the eighth amendment by failing to provide him with adequate medical care. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's dismissal of Mayer's complaint for failure to state a claim. McGuckin v. Smith, No. 90-16651, slip op. 10181, 10189 (9th Cir. Aug. 24, 1992). We construe all allegations of material fact in the complaint as true and view them in the light most favorable to the plaintiff. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). In addition, in civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). Before dismissal, the court must also provide a pro se litigant with some notice of the deficiencies in the complaint and an opportunity to amend the complaint. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the constitution. Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Prison officials violate an inmate's eighth amendment right if they exhibit deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin, slip op. at 10198. The court must examine both the "seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin, slip op. at 10199. Simple malpractice, or even gross negligence, without more, does not constitute "deliberate indifference." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990); see also Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.1989). Deliberate indifference requires a showing of purposeful neglect on the part of the prison officials. McGuckin, slip op. at 10200. Moreover, where the allegation involves delay of medical care, the delay must have caused substantial harm. See Wood, 900 F.2d at 1335.
 
 
 6
 Here, Mayer alleges that Dr. Magill, the prison physician, did not attend to him soon enough.[1] Mayer alleges that he had an attack of gout on April 4, 1989, and Dr. Magill did not see him until April 7th. Mayer admits he was under the care of prison nursing staff in the interim. On April 7th, Dr. Magill sent Mayer immediately to the hospital, where he remained for one week. Mayer further alleges that he had a second attack of gout on August 25, 1989. In that instance, Dr. Magill saw him on August 29th. While Mayer does not allege that he suffered any lasting damage as a result of these brief delays, he claims he endured unnecessary pain and suffering in violation of the eighth amendment. Mayer also alleges that he was denied a proper medical diet. Mayer fails to provide specific facts to support this allegation. Nor does he link his failure to be placed on a medical diet to Dr. Magill's actions. Finally, Mayer alleges that a prisoner infected with venereal disease was left in the general prisoner population during the month of March, 1989, potentially exposing as many as 35 other prisoners to the disease.
 
 
 7
 These allegations do not support a finding that Dr. Magill treated Mayer with deliberate indifference. See McGuckin, slip op. at 1202-05 (prisoner failed to demonstrate that doctors exhibited deliberate indifference toward him despite the fact that surgery was delayed for seven months after defendants diagnosed him as requiring surgery; prisoner would have to show that the defendants were somehow actively responsible for that delay). Accordingly, we affirm the district court's dismissal of Mayer's action for failure to state a claim. See Tanner, 879 F.2d at 576.[2]
 
 
 8
 AFFIRMED.
 
 
 
 *
 We construe Mayer's request for an extension of time to file a motion for oral argument as a request for oral argument. The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Mayer's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mayer also named as defendants the Pima County Board of Supervisors, and John and Jane Does of the Pima County Medical Department. The district court dismissed the complaint as to these defendants prior to service of process because Local Rule 10(d) does not allow designation of defendants under fictitious names and because 42 U.S.C. section 1983 does not encompass a theory of respondeat superior. Because Mayer does not raise the dismissal of these defendants on appeal, we do not address this issue. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988)
 
 
 [2]
 Mayer also alleges for the first time on appeal that the district court erred by not allowing him to conduct discovery. Because he failed to raise this issue before the district court, however, we do not address it on appeal. See Gruver v. Midas Int'l Corp., 925 F.2d 280, 283 (9th Cir.1991)