983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald C. CONN, Plaintiff-Appellant,
v.
Daniel WOODS, Sr., Defendant-Appellee.
 No. 91-16838.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald C. Conn appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action alleging various claims against his landlord and a police officer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review "the district court's decision to dismiss an action for failure to file an amended complaint in a timely manner for abuse of discretion." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987).
 
 
 4
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge, 832 F.2d at 1136. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 5
 Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "[T]hus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id.
 
 
 6
 Here, the district court granted defendants' motion to dismiss Conn's complaint on August 20, 1991, but gave Conn twenty days from the date of the order to file an amended complaint. In the August 20, 1991 order, the district court clearly specified the deficiencies in the complaint. The court also warned Conn that if an amended complaint was not filed within 20 days, judgment would be entered for the defendants. Conn filed his amended complaint on September 23, 1991, beyond the time permitted in the district court's order. On October 15, 1991, the district court dismissed Conn's action.
 
 
 7
 In light of the express warning given Conn and the risk of prejudice to the pro se defendants, we cannot say that the district court abused it's discretion by dismissing Conn's action. See Ferdik, 963 F.2d at 1261.
 
 
 8
 AFFIRMED.
 
 Conn v. Woods, Sr., No. 91-16838
 JUDGE REINHARDT:
 Dissenting:
 
 9
 I dissent.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3