988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon Lee SMITH, Sr., Plaintiff-Appellant,
v.
James H. GOMEZ, People of California, Defendant-Appellee.
 No. 92-15962.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 12, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-92-00181-EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Leon Lee Smith appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice under Fed.R.Civ.P. 41(b) for failure to file a second amended complaint as directed by the court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review the district court's dismissal under Rule 41(b) for abuse of discretion. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990).
 
 
 4
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. Fed.R.Civ.P. 41(b); see Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Malone, 833 F.2d at 130.
 
 
 5
 A dismissal under Rule 41(b) will not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (quotation omitted). Relevant factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). The lower court need not make specific findings to show that it considered these factors. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). If no such findings are present, however, we will review the record independently to determine whether the lower court abused its discretion. Id.
 
 
 6
 Our review of the record supports the district court's dismissal of the action. Smith's allegations in his initial complaint are vague and for the most part incomprehensible. The magistrate judge dismissed this complaint for failure to provide a short and plain statement of the claim as required by Fed.R.Civ.P. 8(a), but granted Smith leave to amend the complaint with clear instructions on what was needed to cure the complaint's deficiencies. Smith filed a pleading in response to this order which the magistrate judge construed as an amended complaint. The magistrate judge found that the first amended complaint also failed to comply with Rule 8(a) and was so vague and conclusory that it was not possible to determine whether the action was frivolous. The magistrate judge dismissed the amended complaint, but granted leave to file a second amended complaint, again with specific instructions on what was needed to cure the complaint's deficiencies. The magistrate judge warned Smith that failure to file a second amended complaint would result in dismissal of his action. Smith failed to file a second amended complaint, and the magistrate judge recommended dismissal of his action without prejudice under Rule 41(b). The district court adopted the magistrate judge's findings and recommendation and dismissed the action.
 
 
 7
 Smith was given three opportunities to file a complaint containing cognizable claims. He repeatedly asserted vague, conclusory, and incomprehensible claims despite being given clear instructions on what he needed to allege in the complaint. Even liberally construing Smith's "inartful pleading," we cannot say that the district court abused its discretion by dismissing his action without prejudice under Rule 41(b). See Eldridge, 832 F.2d at 1136-37.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court's dismissal of Smith's action is without prejudice, it is nonetheless a final appealable order. See Ash v. Cvetkov, 739 F.2d 493, 494 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)