15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric LOCKS, Petitioner-Appellant,
v.
Charles MARSHALL; James Gomez; S.J. Borrego, Respondents-Appellees.
 No. 93-16346.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 27, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Eric Locks appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to file an amended complaint as directed by the court. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's decision for abuse of discretion, Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), and we affirm.
 
 
 3
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1261. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge, 832 F.2d at 1136. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 4
 Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id.
 
 
 5
 Here, the district court dismissed Lock's complaint on April 15, 1993 for failure to comply with the pleading requirements of Fed.R.Civ.P. 8(a) and (e), and gave him until May 28, 1993 to file an amended complaint. In the order, the district court specified the deficiencies in the complaint, and warned Locks that if an amended complaint was not filed by May 28, 1993, his complaint would be dismissed and the file closed. Locks did not file an amended complaint. On June 7, 1993, the district court dismissed the action.
 
 
 6
 In light of the express instructions and warning given Locks, and his failure to file an amended complaint pursuant to those instructions, the district court did not abuse its discretion by dismissing Locks's action. See Ferdik, 963 F.2d at 1261.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3