15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Juanita HAYGOOD, Plaintiff-Appellant,
v.
NORTHROP CORPORATION; Does 1 Through 20, Inclusive,
Defendants-Appellees.
 No. 93-55063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juanita Haygood appeals pro se the district court's dismissal for lack of prosecution of her action against her former employer Northrop Corporation ("Northrop") alleging employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand with instructions.
 
 
 3
 We construe the district court's dismissal as one under Fed.R.Civ.P. 41(b), and review for an abuse of discretion. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 4
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. Fed.R.Civ.P. 41(b); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). The district court's dismissal should not be disturbed unless there is a " 'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)).
 
 
 5
 "District courts have the inherent power to control their dockets and, 'in the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case.' " Ferdik, 963 F.2d at 1260 (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986)). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990).
 
 
 6
 In deciding whether the district court abused its discretion, this court is cognizant of the Supreme Court precedent that instructs federal courts to liberally construe the "inartful pleading" of pro se litigants. Ferdik, 963 F.2d at 1261 (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)); see also Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik, 963 F.2d at 1261; see also McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 7
 Here, Haygood initially filed her complaint in state court on November 9, 1990 alleging employment discrimination against Northrop. On October 30, 1991, Northrop removed the action to district court and moved to strike portions of Haygood's complaint and to dismiss the complaint. On December 12, 1991, Haygood responded by filing a motion to remand the action to state court and a request for an extension of time to respond to Northrop's motion to dismiss. The district court granted Haygood an extension of time until December 30, 1991 to respond to Northrop's motion to dismiss and warned Haygood that failure to comply would be deemed consent to granting of Northrop's motion. Haygood instead filed on January 10, 1992 an opposition to Northrop's opposition to Haygood's motion to remand and request for an extension of time.
 
 
 8
 On March 6, 1992, the district court issued a consolidated order (1) denying Haygood's motion to remand, (2) denying Northrop's motion to strike, and (3) granting Northrop's motion to dismiss with leave to amend. The order permitted Haygood until April 6, 1992 to file a first amended complaint. Haygood failed to file an amended complaint, and the district court dismissed Haygood's action for lack of prosecution on December 8, 1992.
 
 
 9
 Although we recognize the importance of the district court's need to manage its docket, we are no less mindful of the district court's duty to provide Haygood with notice of the deficiencies in her complaint. See Ferdik, 963 F.2d at 1261. Our review of the record reveals that although Haygood was provided ample opportunity to amend her complaint, she was given no notice of the deficiencies in her complaint. While district courts need not provide great detail or act as legal advisors to pro se plaintiffs, they must at least draft a few sentences explaining the deficiencies.[1] Eldridge, 832 F.2d at 1132. Accordingly, we vacate the district court's order of dismissal with prejudice, and remand with instructions to provide Haygood with notice of the deficiencies in her complaint and another opportunity to amend it. See Ferdik, 963 F.2d at 1261.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our review of Haygood's complaint indicates that it fails to comply with Fed.R.Civ.P. 8(a)(2) and 10(b). The complaint consists of fourteen pages of a continuous stream of factual allegations which fail to provide Northrop with a short and plain statement of Haygood's claim as required by Rule 8(a)(2). The complaint also fails to limit the contents of each paragraph to a single set of circumstances as required by Rule 10(b)