19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adelbert G. CLOSTERMANN, Plaintiff-Appellant,
v.
Lee JOHNSON; Charles Crookham; Ruth Cinnegar; Warren
Deras; Oregon State University Foundation, Inc.;
Catholic Archdiocese of Oregon, Inc.;
University of Portland, Inc.,
Defendants-Appellees.
 No. 92-36779.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 16, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adelbert G. Clostermann appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to file an amended complaint as directed by the court. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's decision for abuse of discretion, Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), and we affirm.
 
 
 3
 Clostermann is a former attorney who once represented Martin Zirmer, for whom he prepared a will in which he was named personal representative of Zirmer's estate. Following Zirmer's death, Clostermann filed a petition for a decree of final distribution in the Probate Division of the Oregon Circuit Court for the County of Multnomah. Clostermann included a claim for attorney's fees, which was ultimately denied. In response to this denial, and other matters regarding the probate of Zirmer's estate, Clostermann filed this 42 U.S.C. Sec. 1983 action against Lee Johnson, the Probate Judge; Charles Crookham, the Oregon Attorney General; Ruth Cinnegar, an Assistant Attorney General; and other parties involved with the probate of Zirmer's estate.
 
 
 4
 Clostermann contends that the district court erred in dismissing his action for failure to file an amended complaint as directed by the court. This contention lacks merit.
 
 
 5
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1261. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge, 832 F.2d at 1136. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 6
 Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id.
 
 
 7
 Here, the district court dismissed Clostermann's action on September 2, 1992 for failure to set forth a short and plain statement of his claims for relief as required by Fed.R.Civ.P. 8(a), and gave him twenty days to file an amended complaint. In the order, the district court specified the deficiencies in the complaint, and warned Clostermann that if an amended complaint was not filed within 20 days, his complaint would be dismissed. Clostermann did not file an amended complaint. On September 29, 1992, the district court dismissed the action.
 
 
 8
 In light of the express instructions and warning given Clostermann, and his failure to file an amended complaint pursuant to those instructions, the district court did not abuse its discretion by dismissing Clostermann's action. See Ferdik, 963 F.2d at 1261.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, the request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On July 20, 1992 the district court granted the motion of Judge Lee Johnson and Attorney General Charles Crookham to dismiss Clostermann's complaint as it applied to them. The minute order granting the motion to dismiss does not state the basis for dismissal. However, the motion does allege, inter alia, that Clostermann failed to comply with Fed.R.Civ.P. 8(a). Therefore, the district court's dismissal of Clostermann's complaint as to Judge Johnson and Attorney General Crookham may be affirmed on the same grounds as the dismissal of the action as to the remaining defendants