28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. STOKES, Plaintiff-Appellant,
v.
Anthony P. WARTNIK, et. al., Defendants-Appellees.
 No. 92-37027.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
As Amended on Grant of Rehearing;
Suggestion for Rehearing En Banc
Rejected Oct. 14, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Raymond Stokes appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. Sec. 1983 action for failure to obey a court order to file a status report. We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's decision for abuse of discretion, Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), and we affirm.
 
 
 3
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Id. at 1261. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge, 832 F.2d at 1136. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 4
 Stokes brought this action against Judge Anthony P. Wartnik, and others, challenging, inter alia, the constitutionality of his state conviction and sentence for attempted second degree murder. On May 29, 1992, the district court entered an order stating that because Stokes's complaint included allegations sounding in habeas corpus, but he had failed to allege exhaustion of state court remedies, the action was stayed and Stokes was required to file a report within six months regarding the status of state court proceedings. The order stated that failure to seek exhaustion of state remedies within the six month period, or to file the required status report, would result in dismissal of the action. In a September 15, 1992 minute order, the court again stated that failure to exhaust state remedies would result in dismissal. Stokes never filed a status report with the court. On December 16, 1992, the district court dismissed the action without prejudice based on Stokes's failure to file a status report within the prescribed time limit.
 
 
 5
 In light of the express instructions and warning given Stokes and his failure to file a status report pursuant to those instructions, the district court did not abuse its discretion by dismissing Stokes's action. See Ferdik, 963 F.2d at 1261-62.[1]
 
 
 6
 AFFIRMED.
 
 ORDER
 Oct. 14, 1994
 
 7
 Before: TANG, PREGERSON, and T. G. NELSON, Circuit Judges.
 
 
 8
 Appellant's petition for rehearing is granted. This court's memorandum disposition of June 21, 1994 is amended to reflect the fact that appellant was convicted of attempted second degree murder, rather than second degree murder, as stated in the disposition. IT IS SO ORDERED.
 
 
 9
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. Therefore, we reject the suggestion for rehearing en banc. Appellant's request for publication and for appointment of counsel are also denied.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Therefore the request for oral argument is denied. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stokes also contends that the district court erred in staying his action and removing his case from the court's active caseload pending the filing of the ordered status report. In this court's order dismissing companion case no. 92-35546 (appealing these orders) as moot, it stated that issues related to the district court's stay order could be raised in the instant appeal from the final dismissal order. However, because Stokes's action was properly dismissed for failure to comply with the district court's order, it is not necessary to reach these issues