39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Francis A. DOBRANSKY; Douglas M. Hunter, Plaintiffs-Appellants,
v.
STATE INDUSTRIAL INSURANCE SYSTEM, et al., Defendants-Appellees.
 No. 93-16679.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francis A. Dobransky and Douglas M. Hunter appeal pro se the district court's dismissal of their action against the State Industrial Insurance System and others for failure to file an amended complaint as directed by the court. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), and affirm.
 
 
 3
 A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Dismissal, however, is a severe penalty and should be imposed only in extreme circumstances. Ferdik, 963 F.2d at 1261. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge, 832 F.2d at 1136. These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986).
 
 
 4
 Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' " Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 The district court granted plaintiffs five extensions of time to file an amended complaint before dismissing their action. First, in a minute order entered on March 1, 1993, granting defendants' motion for a more definite statement, the district court directed plaintiffs to amend their complaint within 20 days to state with greater particularity their allegations of fraud and civil rights violations.[1] Plaintiffs were warned that failure to comply would result in dismissal of their action. Next, in response to plaintiffs' March 17, 1993, motion for a continuance, the court extended the time to file an amended complaint to April 21, 1993. On April 26, 1993, the court sua sponte granted plaintiffs a further extension of time to May 15, 1993, again warning plaintiffs that failure to comply with the order would result in dismissal. In an order filed June 12, 1993, denying plaintiffs' motion for recusal and motion for change of venue, the court granted plaintiffs another extension of time to June 22, 1993 to file an amended complaint. Finally, on July 12, 1993, the court sua sponte granted plaintiffs a further extension of time and warned them that if an amended complaint was not filed by July 26, 1993, the action would be dismissed without prejudice. On August 12, 1993, the court dismissed the action without prejudice based on plaintiffs' failure to file an amended complaint.[2]
 
 
 6
 In light of plaintiffs' failure to file an amended complaint, despite liberal extensions of time, repeated warnings of dismissal, and the express instructions given plaintiffs, the district court did not abuse its discretion by dismissing plaintiffs' action. See Ferdik, 963 F.2d at 1261.
 
 
 7
 Plaintiffs also contend that the district court erred by denying their motion for a default judgment. This contention lacks merit. We review the denial of a motion for default judgment for abuse of discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (per curiam).
 
 
 8
 The district court denied the motion for a default judgment because the defendants had not been served properly. Regardless of whether service was proper, however, given plaintiffs' failure to file an amended complaint, we cannot say that the district court abused its discretion by declining to enter a default judgment against defendants. See id. at 1092-93.[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court did not err by granting defendants' motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e)
 
 
 [2]
 Although plaintiffs filed two separate pleadings in response to the district court's order to amend, neither was an amended complaint. Instead, both consisted primarily of allegations of wrongdoing on the part of Judge McKibben in his handling of the case. The district court warned plaintiffs that such pleadings were non-responsive, and that an amended complaint must be filed to prevent dismissal
 
 
 [3]
 Plaintiffs also contend that Judge McKibben held an improper ex parte meeting with defendants' counsel, in which he allowed counsel to determine how various motions would be ruled on to dispose of the case. Plaintiffs presented no evidence, other than Dobransky's affidavit, that such a meeting occurred. Therefore, this claim forms no basis for reversing the district court's dismissal