43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry BLACK, Jr.; Lemuel Clayton Bray, Plaintiffs-Appellants,
v.
Edward J. DERWINSKI, Secretary, Department of Veteran
Affairs; Dick Cheney, Department of Defense; Sean O'Keefe,
Secretary, Department of the Navy; Michael T.W. Stone,
Secretary, Department of the Army, Defendants-Appellees.
 No. 93-56582.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Black Jr. and Lemuel C. Bray appeal pro se the district court's dismissal of their Bivens[1] action without prejudice under Fed.R.Civ.P. 41(b) for failure to file a second amended complaint as directed by the court. We have jurisdiction under 28 U.S.C. Sec. 1291.[2] We review for abuse of discretion the district court's dismissal under Rule 41(b), see West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir.1990), and affirm.
 
 
 3
 The district court may dismiss an action under Rule 41(b) if the plaintiff fails to prosecute his or her case, fails to comply with the applicable rules of procedure, or fails to abide by a court order. Fed.R.Civ.P. 41(b); see Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Dismissal, however, is a harsh penalty and should be imposed only in extreme circumstances. Malone, 833 F.2d at 130.
 
 
 4
 A dismissal under Rule 41(b) will not be disturbed unless there is "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (quotation omitted). Relevant factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). The district court need not make specific findings to show that it considered these factors. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). If no such findings are present, however, we will review the record independently to determine whether the court abused its discretion. Id.
 
 
 5
 Our review of the record supports the district court's dismissal of the action. According to their original complaint, Black and Bray are veterans who apparently seek damages against various federal officials for service-related injuries. The allegations in Black and Bray's initial complaint are vague and for the most part incomprehensible. The magistrate judge dismissed the complaint for failure to provide a short and plain statement of the claim as required by Fed.R.Civ.P. 8(a), but granted Black and Bray leave to amend with clear instructions on what was needed to cure the complaint's deficiencies. The magistrate judge also warned Black and Bray that failure to file a second amended complaint in compliance with the court's directions would result in dismissal of their action. Black and Bray failed to file a second amended complaint, and the district court dismissed their action without prejudice under Rule 41(b).
 
 
 6
 Black and Bray were given an opportunity to file an amended complaint containing cognizable claims. Because they failed to comply with the district court's directions and because their original complaint failed to comply with Rule 8(a), the district court did not abuse its discretion by dismissing their action without prejudice under Rule 41(b). See Eldridge, 832 F.2d at 1136-37.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [2]
 Although the district court's dismissal of Black and Bray's action is without prejudice, it is nonetheless a final appealable order. See Ash v. Cvetkov, 739 F.2d 493, 494 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)