Edward G. **ELDRIDGE**,
Plaintiff–Appellant,

v.

Sherman **BLOCK**, Defendant–Appellee.

No. 86–5851.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1987.

Decided Nov. 17, 1987.

As Amended Dec. 22, 1987.

Mark B. Helm, Los Angeles, Cal., for plaintiff-appellant.

Ladell H. Muhlestein, Los Angeles, Cal., for defendant-appellee.

Before ANDERSON, FERGUSON and NOONAN, Circuit Judges.

FERGUSON, Circuit Judge:

## I.

Appellant Edward Eldridge, a pro se plaintiff incarcerated in a Maryland prison, was ordered by a California court to file an amended complaint that complied with local rules of form. Eldridge filed a timely request for an extension of time in which to comply with the court order, since the Maryland jail's law library did not contain a copy of the local rules for the Central District of California. A magistrate denied his request. The district court for the Central District of California then dismissed Eldridge's section 1983 action. Eldridge filed this appeal from the district court's order.

## II.

Edward Eldridge, who is currently incarcerated in Maryland, was arrested in Los Angeles, California on February 15, 1983 on a fugitive warrant. After his arrest, Eldridge appeared in California state court for arraignment on a California complaint which charged him with being a Maryland fugitive. On April 7, 1983, a preliminary examination was held, at which time the court continued the matter until April 21, 1983. The case was apparently continued to determine if the extradition request issued by the Governor of Maryland was a sufficient "Demand" under Article IV, section 2, clause 2, of the United States Constitution.[1]

Despite the continuance, the Los Angeles County Sheriff's Department sent a teletype to the Maryland authorities informing them that, as of April 7, 1983, Eldridge was available for pick-up in Los Angeles. The teletype also stated that no further court appearances were necessary. On April 16, 1983, two Maryland State Troopers removed Eldridge from the custody of the Los Angeles County Sheriff.

On November 30, 1984 Eldridge filed pro se a civil rights complaint under 42 U.S.C. § 1983[2] in the United States District Court for the District of Maryland against Los Angeles County Sheriff Sherman Block, and the two Maryland State Troopers. Eldridge alleged that they violated his due process right to a hearing on the propriety of his extradition to Maryland from California pursuant to a warrant of extradition issued by the Governor of California. Shortly thereafter, the Maryland magistrate recommended that the court enter judgment for the state troopers.[3] The Maryland magistrate determined, however, that Eldridge might have a valid cause of action against the Los Angeles County officials who apparently released him to the Maryland authorities despite actual or constructive notice of the April 21 court date. The magistrate recommended that the case be transferred to the Central District of

---

**1.** Article IV provides in relevant part
 A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.
 United States Constitution, art. IV, § 2, cl. 2.

**2.** Section 1983 provides in relevant part
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....
 42 U.S.C. § 1983.

**3.** The magistrate determined that there was no evidence that the state troopers personally participated in conduct that deprived Eldridge of his due process rights. The magistrate also determined that they relied in good faith on the information supplied by the Los Angeles County Sheriff's Department.

California for resolution of a motion to dismiss for summary judgment filed by Sheriff Block.

Following transfer to the Central District of California, a magistrate determined that Eldridge had not alleged sufficient facts to show that Block personally engaged in any conduct that deprived Eldridge of his constitutional rights. On August 26, 1985, the magistrate ordered Eldridge to submit an amended complaint correcting this deficiency within 20 days or face dismissal of the action. On September 3, 1985 plaintiff filed a document entitled "Petitioner's Amended Filing." In that document, Eldridge set forth specific facts indicating that although he had informed Sheriff Block that he was fighting extradition, Block still denied Eldridge access to the jail law library and released Eldridge to the Maryland authorities. For reasons that are not clear, the California magistrate interpreted Eldridge's "amended filing" to be a motion for review and reconsideration of his August 26th order.

On January 29, 1986 the magistrate again ordered Eldridge to file an amended complaint, this time one that conformed with "the local rules of court". The order stated that the action would be dismissed unless an amended complaint was not filed by February 28, 1986. That order was mailed to Eldridge by certified mail on February 3, 1986.

On February 21, 1986, Eldridge timely moved for an extension of time in which to file an amended complaint, on the grounds that the Maryland prison law library did not have a copy of the local rules for the Central District of California. On March 4, 1986, the California magistrate denied the motion, finding that Eldridge had failed to show good cause for failure to file his amended complaint by the February 28 deadline. On April 14, 1986, the district court entered an order dismissing Eldridge's action.

Eldridge filed a timely notice of appeal on April 14, 1986.[4]

**4.** The Ninth Circuit granted Eldridge's subsequent motion for appointment of counsel, and

### III.

Three issues are presented for this panel's determination: first, whether the district court abused its discretion in denying Eldridge an extension of time in which to file an amended complaint; second, whether the district court erred by dismissing Eldridge's section 1983 action for failing to comply with court orders requiring submission of an amended complaint; and finally, whether Eldridge's allegation that a sheriff's willful release of him for extradition prior to the scheduled date of the extradition hearing constitutes a claim under section 1983.

### A.

In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981). This court has noted "on several occasions ... that the 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'" *Gabrielson v. Montgomery Ward & Co.,* 785 F.2d 762, 765 (9th Cir. 1986) (quoting *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973) (citations omitted). Thus "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *Webb,* 655 F.2d at 979 (citing *Rosenberg Brothers & Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960) (per curiam)).

■ This policy is applied even more liberally to pro se litigants. Thus in *Armstrong v. Rushing,* 352 F.2d 836 (9th Cir. 1965), this court established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by

on April 14, 1987 counsel was appointed.

amendment. 352 F.2d at 837 (pro se litigant entitled to procedural protections, including right to amend complaint unless futile); *see Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987); *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir.1970) (per curiam).

 Courts, in fact, "provide a pro se litigant with notice of the deficiencies in his or her complaint" to ensure that the litigant uses the opportunity to amend effectively. *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987). While a statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, district courts must at least draft a few sentences explaining the deficiencies. *Noll,* 809 F.2d at 1448–49. Moreover, "strict time limits ... ought not to be insisted upon" where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines. *Tarantino v. Eggers,* 380 F.2d 465, 468 (9th Cir.1967); *see Veit v. Heckler,* 746 F.2d 508, 512 (9th Cir.1984) (holding that extension of time was proper where evidence established just cause).

Reliance upon time limits can in fact aggravate the court's failure to appraise a plaintiff of deficiencies. In *Ham v. Smith,* 653 F.2d 628 (D.C.Cir.1981), the D.C. Circuit found the harshness of a district court's failure to provide an explanation of the risks of not responding to a summary judgment motion to a pro se recently-released prisoner plaintiff was "aggravated in this case by the court's denial of [plaintiff's] request for an extension of time." *Id.* at 630. Thus the Circuit held that it was an abuse of discretion for the district court to deny a request for an extension of time where hardship in complying with the original deadline is explained by the plaintiff and clearly constitutes just cause for awarding the extension. *Id.* at 631.

 The California magistrate's January 29th order requiring Eldridge to file an amended complaint "complying with the Local Rules of this Court in form ... other- wise the action will be dismissed," did not contain any explanation as to *how* the complaint was deficient in form. As in *Ham,* this was aggravated when the district court did not grant the extension of time. Such an extension was obviously necessary in Eldridge's case because of the unlikelihood of obtaining, in a Maryland prison law library, the local rules for the Central District of California. A court reviewing the dismissal of a complaint for failure to state a claim should assess whether the plaintiff was denied meaningful access to a law library.

Eldridge's inability to comply with a procedural order of the court due to the inaccessibility of the necessary legal materials, was clearly sufficient cause for granting a timely request for an extension of time. Considering Eldridge's out-of-state incarceration, his pro se status, and his previous, but rejected, attempt to amend,[5] Eldridge's request for an extension of time in which to file an amended complaint should have been granted. The district court's refusal to grant an extension of time was clearly an abuse of discretion.

### B.

 Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court. This court reviews a district court's decision to dismiss an action for failure to file an amended complaint in a timely manner for abuse of discretion. *Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir.1981); *Schmidt v. Herrmann,* 614 F.2d 1221, 1224 (9th Cir.1980). The trial court's dismissal should not be disturbed unless there is " 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Schmidt,* 614 F.2d at 1224 (quoting *Anderson v. Air West Inc.,* 542 F.2d 522, 524 (9th Cir.1976)). Here, the district court did abuse its discre-

---

**5.** The district court apparently disregarded Eldridge's first attempt to amend his complaint since there is no indication on the docket sheet that the "amended filing" was ever considered as such by the district court.

tion by dismissing Eldridge's section 1983 action.

■ The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982) (per curiam). "It is settled law that the allegations of [a pro se litigant's complaint] 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers....'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Noll*, 809 F.2d at 1448 ("Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) ("we hold [plaintiff's] pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers."). This rule is particularly important in civil rights cases. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Moreover, before dismissing an action, a court should always be certain that other less drastic alternatives are not available. *See Nevijel*, 651 F.2d at 674. Eldridge's status as a prisoner pro se plaintiff distinguishes his case from *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

■ The California magistrate, in his August 26, 1985 order, stated that El- dridge's complaint did not allege sufficient facts to state a claim against Sheriff Block. Eldridge responded by filing a document on September 3, 1985 in an attempt to amend his complaint.[6] The district court rejected this attempt and subsequently dismissed the action.[7]

Had the district court properly considered Eldridge's September 3, 1985 filing an amended complaint, Eldridge would have in fact complied with the original order to submit an amended complaint. Additionally, if the court still found the amended complaint deficient for failing to comply with local rules,[8] Eldridge clearly had cause warranting an extension of the deadline within which to file a second amended complaint. For these reasons, the district court's dismissal of Eldridge's section 1983 action for failure to comply with court orders was an abuse of discretion.

### C.

■ Eldridge's September 3, 1985 filing specifically stated facts indicating that Sheriff Block released Eldridge to the Maryland authorities when Block knew that Eldridge was fighting extradition. These facts appear sufficient to state a section 1983 claim under the standard established in *Draper v. Coombs*, 792 F.2d 915 (9th Cir.1986). In *Draper*, the Ninth Circuit held that "[i]n light of the nature and purpose of the extradition statute, [18 U.S.C. § 3182, which implements Art. IV, sec. 2,

---

**6.** Sections of this document were entitled "STATEMENT OF FACTS INDICATING DEFENDANT BLOCK ENGAGED IN CONDUCT THAT DEPRIVED PLAINTIFF OF CONSTITUTIONAL RIGHTS" and "OPPOSITION/AMENDED COMPLAINT". Presumably, pro se prisoners proceeding in the federal courts "will not be thrown out of court merely for invoking the wrong incantation." *Wallace v. Christensen*, 802 F.2d 1539, 1561 n. 4. (9th Cir.1986) (Kozinski and Anderson, JJ., concurring).

 In *Winfrey v. Brewer*, 570 F.2d 761 (8th Cir. 1978), two documents were filed by pro se prisoner plaintiffs entitled "Complaint" and "Brief In Support of Plaintiffs" following the filing of a motion to dismiss by the defendant. The Eighth Circuit held that the district court had properly treated these documents as amendments to the original complaint, since under Fed.R.Civ.P. 15(a), the plaintiff could amend "once as a matter of course at any time before a responsive

pleading is served" and a motion to dismiss was not a responsive pleading. *Id.* at 764 n. 4.

**7.** The court did this in apparent disregard of the principle that where the underlying facts or circumstances of a case "may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Kelson v. City of Springfield*, 767 F.2d 651, 656 (9th Cir. 1985).

**8.** Considering stylistic failings to be a "defect" in the context of a pro se pleading may indicate excessive scrutiny. *Cf. Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.1986) ("We recognize that the plaintiff represented himself and therefore, in evaluating his compliance with the technical rules of civil procedure, we treat him with great leniency.").

cl. 2] we hold that a claim alleging its violation by state or local police officers states a cause of action under section 1983." *Id.* at 920 (citing cases of four other circuits reaching same conclusion).[9]

 Moreover, an incarcerated pro se defendant has a constitutional right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977); *King,* 814 F.2d at 568 ("Indigent inmates have a constitutional right to meaningful access to the courts.) (quoting *Bounds* ); *see also Toussaint v. McCarthy,* 801 F.2d 1080, 1110 (9th Cir. 1986). This right requires prison authorities to assist inmates in the preparation of legal papers by providing access to law libraries or assistance from trained legal personnel. *Bounds,* 430 U.S. at 828, 97 S.Ct. at 1498; *Lindquist v. Idaho State Bd. of Corrections,* 776 F.2d 851, 856 (9th Cir.1985); 28 C.F.R. § 543.11(a). Eldridge's September 3rd filing also alleges that Sheriff Block denied him access to the jail law library after he informed Sheriff Block that he was fighting extradition to Maryland. Thus, Eldridge's allegation that Block denied Eldridge access to the jail library also appears sufficient to state a claim under section 1983.

## IV.

The district court's refusal of Eldridge's timely request for an extension of time in which to file an amended complaint was an "abuse of [its] discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 227 (1962). The district

court's dismissal of Eldridge's complaint is hereby REVERSED.

---

9. Although the extradition statute was designed to allow speedy extradition, it also includes procedural safeguards that serve as 'a means of ascertaining *whether the evidence is sufficient to detain and deliver the accused for trial in another state.'*
*Draper,* 792 F.2d at 920 (*quoting Smith v. Idaho,* 373 F.2d 149, 155 (9th Cir.), *cert. denied,* 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1364 (1967)) (emphasis added in *Draper* ).
Thus, before extraditing a prisoner, the extraditing state must determine

first, that the person demanded is substantially charged with a crime against the laws of the State from whose justice he is alleged to have fled, by an indictment or an affidavit, certified as authentic by the governor of the State making the demand; and, second, that the person demanded is a fugitive from the justice of the State the executive authority of which makes the demand.
*Roberts v. Reilly,* 116 U.S. 80, 95, 6 S.Ct. 291, 299, 29 L.Ed. 544 (1885).