978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin G. HICKMAN, Plaintiff-Appellant,
v.
LOS ANGELES UNIFIED SCHOOL DISTRICT; Bierly & Associates,
Defendants-Appellees.
 No. 90-56183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin G. Hickman appeals pro se the district court's dismissal for failure to state a claim of his 42 U.S.C. §§ 1983 and 1985 action against the Los Angeles Unified School District and several other defendants alleging violations of his procedural due process rights throughout his workers' compensation proceedings litigated in California state courts.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact contained in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. Moreover, in civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally to afford the plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc). Before dismissal, the court must also provide a pro se litigant with some notice of the deficiencies in the complaint and an opportunity to amend the complaint. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). A deprivation of a constitutional right occurs if the person acting under color of state law "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988). Even "a liberal interpretation of a civil rights complaint may not supply the essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 5
 Here, Hickman was given three opportunities to assert actionable claims under section 1983. After he filed his original complaint, the magistrate judge dismissed the complaint with leave to amend and with instructions on how to cure the deficiencies in the complaint. Hickman's first and second amended complaints were similarly dismissed with leave to amend and clear instructions on what was needed to cure the complaint's deficiencies.
 
 
 6
 In his third amended complaint, Hickman essentially alleges that the twenty-five named defendants, individually and through a conspiracy, violated his procedural due process rights throughout his workers' compensation proceedings in state court. Hickman alleges no specific facts to support his allegations. Instead, despite several opportunities to correct the deficiencies, and clear instructions by the district court, Hickman continues to assert numerous vague and general claims of alleged errors and violations in the state proceedings. Even liberally construing his pleadings, Hickman fails to state an actionable claim under section 1983 or 1985. See Bretz, 773 F.2d at 1027 n. 1; Ivey, 673 F.2d at 268. Accordingly, the district court did not err by dismissing his action under Fed.R.Civ.P. 12(b)(6). See Noll, 809 F.2d at 1448.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hickman filed two related appeals (Nos. 90-55647 and 90-55579), which were both dismissed by this court for failure to prosecute