979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Neal SCHOWENGERDT, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 91-56062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Nov. 16, 1992.
 
 1
 Before GOODWIN and SCHROEDER, Circuit Judges, and KEEP, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Richard Neal Schowengerdt appeals pro se the district court's dismissal without prejudice of his action against the Department of the Navy, the Department of the Air Force, the Defense Logistics Agency, and various members of the Air Force, alleging negligent processing and arbitrary denial of his security clearance application by federal agencies. Appellant seeks relief under the First, Fourth and Fifth Amendments to the United States Constitution, the Privacy Act, 5 U.S.C. § 552, and the Administrative Procedure Act, 5 U.S.C. § 701.
 
 
 4
 The APA restricts judicial review to claims "other than money damages." 5 U.S.C. § 702; see Bowen v. Massachusetts, 487 U.S. 879, 890 (1988). Appellant's suit for compensatory and punitive damages in the amount of $160,000 was properly dismissed for lack of jurisdiction. His other claims, including claims for declaratory and injunctive relief, as well as his First, Fourth and Fifth Amendment claims, ask for review of security clearance criteria. However, the district court does not have jurisdiction to review Department of Defense decisions to revoke security clearances. Dorfmont v. Brown, 913 F.2d 1399, 1403 (9th Cir.1990), cert. denied, 111 S.Ct. 1104 (1992). Therefore the only claim arguably within the district court's jurisdiction to grant relief was the claim for damages under the Privacy Act.
 
 
 5
 Schowengerdt failed to state a cause of action under the Privacy Act. Under Rose v. United States, this Circuit requires that plaintiff show "1) that the government failed to fulfill its record keeping obligation, 2) which failure proximately caused the adverse determination, 3) that the agency failed intentionally or willfully to maintain the records, and 4) that the plaintiff suffered actual damages." 905 F.2d 1257, 1259 (9th Cir.1990).
 
 
 6
 In dismissing a complaint filed by a pro se litigant, a district court must provide the pro se litigant " 'with notice of the deficiencies in his or her complaint' to ensure that the litigant uses the opportunity to amend effectively." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987), quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 7
 In this case, the district court advised the plaintiff that the allegations in the complaint were insufficient because they failed to describe conduct that was willful or wanton, and the court correctly stated that the plaintiff's generalized assertions of willfulness were not sufficient to state a claim under our law. The actual conduct described in the complaint, and urged on appeal as the basis of appellant's claim, is in the nature of errors, omissions and mistakes constituting negligence, but is not deliberate, willful or wanton misconduct.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Judith N. Keep, Chief Judge, United States District Court for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3