19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
Daniel B. VASQUEZ, Warden, et al.; K.L. Wittrock,
Defendants-Appellees.
 No. 92-16765.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1994.*
Decided March 7, 1994.
 
 1
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiff Monroe Jones appeals the district court's entry of summary judgment in favor of defendant Officer K.L. Wittrock in Jones' 42 U.S.C. Sec. 1983 action. We have jurisdiction over plaintiff's appeal under 28 U.S.C. Sec. 1291. We affirm.
 
 
 4
 We review the district court's granting of summary judgment de novo. Tzung v. State Farm Fire & Cas. Co., 873 F.2d 1338, 1339 (9th Cir.1989). Summary judgment is appropriate if the evidence, when construed in the light most favorable to the nonmoving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. Inartful pleading of a pro se petitioner should be liberally construed. Eldridge v. Block, 832 F.2d 1132 (9th Cir.1987).
 
 
 5
 To state a claim under Sec. 1983, a plaintiff must show that the defendant acted under color of state law to deprive plaintiff of rights secured by the Constitution or federal statutes. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988). Normally, a prisoner has a Sec. 1983 claim under the Eighth and Fourteenth Amendments against a prison official where the official acted with " 'deliberate indifference' to the threat of serious harm or injury by another prisoner." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986). Where a prison official is responding to a prison disturbance, however, the Supreme Court has held that a higher level of culpability must be shown. Whitley v. Albers, 475 U.S. 312, 319 (1986). In such a situation, the prison official will not be liable unless he acted "maliciously and sadistically for the very purpose of causing harm." Id. at 320-21. We need not decide which level of culpability is applicable to a failure to intervene case such as this one because under either standard, summary judgment was appropriate.
 
 
 6
 The essence of Jones' action against Wittrock is that Wittrock saw Jones being stabbed by another inmate (inmate Owens) but refused to intervene until Jones had received multiple stab wounds. Medical records indicate that Jones received three superficial lacerations--one to the back, one to the elbow, and the other to the neck/face.
 
 
 7
 Wittrock states in an affidavit that on September 25, 1991, he was supervising two prison yards simultaneously and that he had his back turned to Jones' yard when the disturbance initially broke out. When he turned to face Jones' yard, he noticed that Jones and Owens "were facing each other and striking out with their fists." He immediately shouted for everyone to freeze and get on the ground. This order was obeyed. Wittrock states he first noticed the stabbing instrument lying on the ground after Owens was escorted away.
 
 
 8
 Jones does not dispute that Wittrock may have been facing a different prison yard when the disturbance initially broke out.[1] Pl. Opening Brief, Ex. A paragraphs 9-10. Further, Jones does not dispute that he and Owens were facing one another at one point during the confrontation. Pl. Opening Brief, Ex. A, p 17 (plaintiff spun around to face his attacker after having been stabbed in the back). Jones has introduced no evidence to contradict Wittrock's assertion that he ordered the combatants to freeze immediately after Wittrock realized a fight had broken out.
 
 
 9
 The only evidentiary dispute centers around whether Wittrock initially realized that Jones was being or had been attacked by a stabbing instrument. Jones contends that if Wittrock was close enough to see that the two prisoners were "striking out with their fists," he must have also been close enough to see that Owens was using a stabbing instrument. According to prison reports of the incident, the stabbing instrument was made out of plastic and was approximately five inches long and less than one inch wide. Such an instrument would normally be held in a clenched fist and, given its length, might not be visible. Thus, Wittrock's statement that he witnessed both prisoners striking each other with clenched fists is not inconsistent with Jones' assertion that Owens had the instrument in his hand at the time.
 
 
 10
 Jones has presented no evidence to contradict Wittrock's assertion that he ordered the prisoners to freeze immediately after he realized an altercation had broken out. There is therefore no genuine issue of material fact as to whether Wittrock acted with deliberate indifference or with malice, and the district court was correct to enter summary judgment in favor of defendant Wittrock.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones contends that if Wittrock was facing another prison yard, he would have been neglecting his assigned duty and would therefore be "negligent." Pl. Reply at 10. A prison official's negligence is not actionable under the Eighth Amendment. Whitley, 475 U.S. at 319