52 F.3d 333
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Daniel R. LICON, Plaintiff/Appellant,
v.
The INFERGENE COMPANY; Linda E. Stanley; Pierce Chemical
Company; Eugene N. Stuart, III; Timothy L. Legerton;
Elizabeth Jo Wegstein; Brent Esmon; Aubrey Bruce Amsden;
W. Dirk Sikkema; Kerstin Stanley; Robb K. Anderson;
Robert A. Vigna; Ari Ma'Hah; Conaly Bedell; Paul Wright;
Frank E. Hagie, Jr., Defendants/Appellees.
 No. 93-16948.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 16, 1995.*
Decided April 7, 1995.
 
 Before: GOODWIN, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * A dismissal under Rule 41(b) will not be disturbed unless there is "a definite and firm conviction that the court below committed clear error of judgment in the conclusion it reached...." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (internal quotation omitted). "The question, of course, is not whether [the Supreme] Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the district court abused its discretion in so doing." National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976).
 
 
 3
 The only irregularity that occurred in the course of this case was a possible improper reference to the bankruptcy court. However, that court reacted correctly when it recognized that it could not issue a final order. The bankruptcy court could, however, submit proposed findings of fact and conclusions of law to the district court for its de novo review pursuant to 28 U.S.C. Sec. 157(c)(1).
 
 
 4
 The district court, after a de novo review of the bankruptcy court's recommendations, dismissed this case with prejudice. There was, therefore, no jurisdictional error.
 
 II
 
 5
 The district court may grant attorney's fees pursuant to 15 U.S.C. Sec. 77k(e) if it "believes the suit or the defense to have been without merit." We have held that the district court may grant such an award if it finds that the case "borders on the frivolous or is brought in bad faith." Stitt v. Williams, 919 F.2d 516, 530 (9th Cir.1990) (internal quotation omitted). It is important to note that the district court did not grant attorney's fees. Further, because the complaint was dismissed due to the failure of the plaintiff to follow the rules of procedure, the district court was unable to address the merits of the suit.
 
 
 6
 A court of appeals may, however, grant "just damages and single or double costs to the appellee" if it determines that an appeal is frivolous pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Although the appellant, acting pro se, had difficulty explaining or supporting his issues, the granting of a motion for dismissal with prejudice is such a harsh penalty that we have held it should be used only in extreme circumstances. See Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988). Further, it is a highly discretionary action by the district court. Thus, we hold review of such an action is not frivolous.
 
 III
 
 7
 The district court's order, filed October 4, 1993, denying the motion to reconsider the dismissal is AFFIRMED. The request for attorney's fees is DENIED.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3