65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jimmie O. BEASLEY, Jr., Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director; Stan Bates; Richard Ward and
Does 1-6, Defendants-Appellees.
 No. 95-15691.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jimmie O. Beasley, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to file an amended complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion a district court's dismissal on grounds that a party failed to comply with a district court order, Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992), and affirm.
 
 
 3
 "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Id. We will not disturb the district court's dismissal unless there is a definite and firm conviction that the district court committed a clear error of judgment in its conclusion based upon a weighing of the relevant factors. Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). Pro se complaints are construed liberally. Ferdik, 963 F.2d at 1261. "Thus, before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Id.
 
 
 4
 Here, the district court gave Beasley numerous opportunities to amend his complaint to identify the proper defendants. Judge McNamee issued three orders advising Beasley that his complaint would be dismissed if the deficiencies were not cured. In each order, Judge McNamee gave notice of the deficiencies in Beasley's complaint. When Beasley failed to file a second amended complaint pursuant to the third district court order, the district court dismissed Beasley's action.
 
 
 5
 The district court gave Beasley notice of the deficiencies of his complaint and gave Beasley ample opportunity to amend his complaint. Accordingly, the district court did not abuse its discretion by dismissing the action. See Ferdik, 963 F.2d at 1260.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3