67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George M. HARVEY, a/k/a George, a/k/a Harvey, Plaintiff-Appellant,
v.
BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION;
Superior Court of the State of California; Eugene
Bishop; Rodney L. Soda & Associates,
Defendants-Appellees.
 No. 94-56478.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Harvey appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging that Judge Eugene Bishop, the Superior Court of the State of California ("Superior Court"), James Hollins, Ima Faye Hollins, Rodney L. Soda, and Bank of America, N.T. & S.A. ("BOA") violated Harvey's civil rights when they executed a judgment and caused a levy on Harvey's BOA checking account on the Hollins's behalf. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Harvey contends the district court erred by dismissing his action when Harvey failed to obey orders of the district court. This contention lacks merit.
 
 
 4
 We review the district court's decision for abuse of discretion. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). A district court may dismiss an action for failure to comply with any order of the court. Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 5
 On April 13, 1994, the magistrate judge issued an order for meeting of counsel and set a status conference for June 13, 1994. The magistrate judge ordered the parties to prepare a joint status report containing information on ten specific items. On June 8, 1994, the magistrate judge continued the status conference and repeated that the joint status report must be filed. The joint status report was not filed. On July 11, 1994, the magistrate judge took the status conference off calendar and issued an order for Harvey to show cause for why the action should not be dismissed for failure to comply with the court's prior orders. Harvey filed a response to this order, but stated only that his action should be taken off the court's calendar until a decision was rendered in an appeal Harvey filed with this court. Harvey also attached a copy of a joint status report he allegedly served on the defendants, but was never signed by them. The joint status report was unresponsive to the court's prior orders and only repeats Harvey's statement that the action should be taken off calendar until his appeal was decided. Because Harvey failed to show cause why he did not comply with the court's prior orders, the magistrate judge filed a report recommending dismissal of Harvey's action. The district court adopted the magistrate judge's report and recommendation and dismissed this action with prejudice.
 
 
 6
 In light of the court's express instructions and warnings, the district court did not abuse its discretion by dismissing Harvey's action. See Ferdik, 963 F.2d at 1261-62.
 
 
 7
 To the extent Harvey contends that the district court erred by entering its prior order dismissing defendants Bishop and Superior Court, this contention lacks merit. As a judge, Bishop is entitled to judicial immunity, see Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc), and the Superior Court is entitled to Eleventh Amendment immunity, see Greater Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir.1987).
 
 
 8
 To the extent Harvey contends that the district court erred by entering its prior order dismissing defendants Ima Faye Hollins and Rodney Soda, this contention lacks merit. Harvey failed to show that Hollins or Soda acted under color of state law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3