87 F.3d 1317
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Derek J. BLOODWORTH, Plaintiff-Appellant,
v.
Los Angeles County Sheriff's Deputies FREIWIRTH, Levy,
Boyce, & Hansen, Defendants-Appellees.
 No. 95-56668.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 18, 1996.
 
 Before: CANBY, NOONAN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Derek Bloodworth appeals pro se the district court's Fed.R.Civ.P. 41(b) dismissal without prejudice for failure to prosecute of his 42 U.S.C. § 1983 action against Los Angeles County Sheriffs Deputies, arising out of the search of his apartment and his arrest for possession of cocaine.
 
 
 3
 A district court's dismissal under Rule 41(b) will not be disturbed unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987). The relevant factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam). Moreover, the "district judge's evaluation of whether the plaintiff complied with his order 'is entitled to considerable weight.' " McHenry v. Renne, No. 94-15179, slip op. 6321, 6333 (9th Cir. May 28, 1996) (quoting Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1051 (9th Cir.1971)).
 
 
 4
 Bloodworth contends that the district court abused its discretion in denying his motion for additional discovery, pursuant to Fed.R.Civ.P. 56(f)[1], and in turn dismissing the action for failure to prosecute. The Magistrate Judge in his Report and Recommendation stated that Bloodworth had "failed to file timely opposition to a potentially dispositive motion, despite a court order to do so." Although Bloodworth did file a response to the court's order, which he entitled "Notice of Motion and Motion For Temporary Stay of Proceedings ... (Fed.R.Civ.P.Rule 56(f))", the Magistrate Judge found that this did not constitute an "opposition to the summary judgment." In response to the Magistrate Judge's Report, Bloodworth once more objected to the court's denial of his Rule 56(f) motion. In adopting the Magistrate Judge's Report, the district court indicated it had considered the relevant factors of Carey v. King, and dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. Based on the aforementioned facts, we cannot find that the district court abused its discretion in determining that Bloodworth failed to obey the court's order to file an opposition to the summary judgment motion, see McHenry, slip op. at 6333, and in dismissing his action pursuant to Rule 41(b), see Eldridge, 832 F.2d at 1136.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Specifically, Bloodworth contends that various unresolved interrogatory requests will reveal material issues of fact concerning the legality of the forced entry of his residence and the ensuing search and seizure, and that a request for transcripts of a state proceeding will establish collateral estoppel to preclude defendants from raising a defense to his claims of Fourth Amendment violations
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal. Appellees' request for attorneys' fees and sanctions pursuant to 42 U.S.C. § 1988 and Fed.R.App.P. 38 is denied