122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary BIRAULT, Plaintiff-Appellant,
v.
NATIONAL RAILROAD PASSENGER CORPROATION, dba Amtrak,
Defendant-Appellee.
 No. 96-56697.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court or the Central District of California James M. Ideman, District Judge, Presiding
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mary Birault appeals the district court's Fed.R.Civ.P. 41(b) dismissal without prejudice for failure to comply with an order of the court in her personal injury case against the National Railway Passenger Corporation. We have jurisdiction under 23 U.S.C. § 1291, and we affirm.
 
 
 3
 A district court's dismissal under Rule 41(b) will not be disturbed unless we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon the weighing of the relevant factors." Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987) (internal quotations and citation ommitted). The relevant factors include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam; internal quotations and citation omitted).
 
 
 4
 Here, Birault contends that the district court abused its discretion in dismissing her action for failure to comply with a court order. This contention lacks merit.
 
 
 5
 Plaintiff's first attorney in this action, Brian Kennedy, failed to comply with the district court's pre-trial order setting forth required trial preparation. The district court ordered Birault's case dismissed on defendant's motion. Pursuant to Birault's motion for reconsideration, the action was reinstated after Kennedy paid monetary sanctions. Birault subsequently discharged Kennedy and hired new counsel, David Kyle. The district court gave Kyle a copy of the pre-trial conference order setting forth required trial preparation. After Kyle failed to comply with the pre-trial conference order, the district court dismissed Birault's action and denied Birault's motion for reconsideration. The district judge noted in his order that Kyle was fully aware of the circumstances surrounding the first dismissal of Birault's action.
 
 
 6
 Based on the aforementioned facts, we cannot conclude that the district court abused its discretion in dismissing Birault's action pursuant to Fed.R.Civ.P. 41(b). See Eldridge, 832 F.2d at 1136.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3