142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean DRUMMOND, aka L. Dean Drummond, Plaintiff-Appellant,
v.
D. Sullivan, P.A.; Norma Jean Boles; Dr. Evans; Dr.
Weinstein; Dr. Cone; Dr. Autery; Bill Wade; Rick Day;
Mike Mahoney; Dr. Vainio; Dr. Martin; Bill Wind, C.O.;
John and Jane Does, various unnamed infirmary staff,
Defendants-Appellees.
 No. 97-35447.
D.C. No. CV-96-00021-CCL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Dean Drummond, a Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action and the denial of his request for the appointment of counsel. The district court dismissed Drummond's action with prejudice after allowing Drummond three opportunities to amend his complaint to comply with Fed.R.Civ.P. 8. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 Drummond contends that the district court abused its discretion by dismissing his action for his failure to comply with Fed.R.Civ.P. 8's requirement that his complaint contain a short and plain statement of his claims against the defendants. This contention has merit.
 
 
 4
 Construing Drummond's pleadings liberally, see Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987), we hold that Drummond's proposed amended complaint, received by the district court on June 4, 1996, complied with the requirements of Rule 8 because it sufficiently set forth facts to support his claims against the defendants. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir.1996) (stating that a complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery.") Accordingly, the district court abused its discretion by dismissing Drummond's action. See id. at 1177.
 
 
 5
 We reject Drummond's contention that the district court abused its discretion by denying his request for the appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991).
 
 
 6
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[1]
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Drummond's request for an extension of time to file additional citations is granted. The clerk shall file the additional citations received on February 20, 1998