205 F.3d 1188 (9th Cir. 2000)
 FREDERICK D. BENNETT,Plaintiff-Appellant,
v.
M. KING; CABLE; A. LOPEZ; MCGEE; BEBE; RILEY; CARMICHAEL; EDWARDS; HAILEY, C.O.; CRUZ, Correctional Officer; WHITFORD; SMITH; CHRIST, Correctional Officer; VANDERHOFFEN, Correctional Officer; STACEY; LEOVICH, Correctional Officer; BIRONDO, Sgt.; LUCAS, Sgt.; MAYO; MEE, Correctional Officer; JAMES, Sgt.; NIMROD, CCI; CARL, Lt.; CARPENTER, Correctional Officer; MARSHAL, Correctional Officer, Defendants-Appellees.
 No. 97-15848
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted December 9, 1998[1]
Filed March 7, 2000
 
 COUNSEL: Frederick D. Bennett, Rancho Cucamonga, California, in pro se, for the plaintiff-appellant. No appearance by appellees.
 Appeal from the United States District Court for the Northern District of California; Vaughn R. Walker, District Judge, Presiding. D.C. No. CV-97-00384-VRW
 Before: Stephen Reinhardt, John T. Noonan and Michael Daly Hawkins, Circuit Judges.
 
 ORDER
 
 1
 Frederick Douglas Bennett is an inmate of the Pelican Bay State Prison of the State of California. In 1995 he began pro se a civil rights suit against the warden and nineteen other officers of the prison. The suit was filed in the Southern District of California. On December 4, 1996 it was dismissed to permit refiling in the proper venue, the Northern District of California. On February 12, 1997 the district court for the Northern District dismissed the complaint with leave to amend so as to allege only claims for which Bennett had exhausted his administrative remedies as required by 42 U.S.C. S 1997(e)a. Bennett was allowed thirty days to amend.
 
 
 2
 On February 18, 1997 Bennett was charged by prison officials with breaking his cup in his cell, refusing to submit to restraints, breaking the sprinkler in his cell, and assaulting staff. He was removed to a "Cap Cell" where he was permitted a maximum of three pounds of personal property. Any legal work done by Bennett required special authorization by the facility lieutenant. His legal materials were boxed and removed from his possession.
 
 
 3
 As a result of these restrictions Bennett failed to amend his complaint in thirty days. On March 27, 1997 his action was dismissed by the district court, and the clerk was directed to close the file.
 
 
 4
 On April 9, 1997 Bennett filed with the court the information explaining his delay in amending and on April 8 he filed an amended complaint. The district court construed the amended complaint as in part a motion for reconsideration of the order of dismissal and denied it. Bennett appeals.
 
 
 5
 Bennett had the right to file an amended complaint. Lopez v. Smith, No. 97-16987 (9th Cir., Feb. 10, 2000). The district court erred in not accepting Bennett's uncontroverted explanation of his delay in amending the complaint. An extension of time should have been granted this pro se litigant. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).
 
 
 6
 REVERSED and REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4.