John Griffin HEADRICK, Plaintiff—Appellant,

v.

Richard MORGAN, Superintendent, Washington State Penitentiary; et al., Defendants—Appellees.

No. 04–35550.

D.C. No. CV–04–05011–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Griffin Headrick, Olympia, WA, pro se.

Appeal from the United States District Court for the Eastern District of Washington; Fred L. Van Sickle, Chief Judge, Presiding.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM[**]

John Griffin Headrick, a Washington state prisoner, appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when he was denied out-of-cell exercise for 105 days. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under the Prison Litigation Reform Act, *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we vacate and remand for further proceedings.

Headrick's allegation that he was deprived of outdoor exercise for 105 days appears to have an arguable basis in law and fact. *See Allen v. Sakai*, 48 F.3d 1082, 1087–1088 (9th Cir.1994) (Eighth Amendment violation found where prisoner in secured housing unit was allowed only forty-five minutes of outdoor exercise per week for six weeks); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir.2000) (deprivation of outdoor exercise for forty-five days con- stituted cruel and unusual punishment to prisoner).

Liberally construing Headrick's pro se pleadings, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987), his amended complaint adequately alleges that the named defendants were responsible for his deprivation of outdoor exercise.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.

**VACATED AND REMANDED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

