Remon SHIELDS, Plaintiff—Appellant,

v.

Cheryl K. PLILER, Warden; et al., Defendants—Appellees.

No. 04–15108.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*

Decided May 13, 2005.

Remon Shields, Represa, CA, pro se.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Remon Shields, a California state prisoner, appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal for failure to follow the court's order for abuse of discretion. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992). We affirm.

The district court demonstrated sensitivity to Shields' status as a pro se litigant by providing guidance in amending his complaint and granting his first two requests for extensions of time. *See id.* at 1261. Shields contends that the prison failed to provide him with copies of his own grievances, but the court correctly noted that such exhibits were not required for an amended complaint. Under these circumstances, we cannot say the district court abused its discretion by dismissing without prejudice. *Cf. Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir.1987) (holding district court abused its discretion by denying extension of time to pro se prisoner without access to materials necessary for amending complaint).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shields' remaining contentions lack merit.

AFFIRMED.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.