
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINAL S. PATEL and SHAILESH PATEL,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>WELLS FARGO BANK, NA, a California corporation; et al.,<br><br>　　　　Defendants - Appellees. | No. 12-55071<br><br>D.C. No. 8:11-cv-00826-AG-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 8, 2013[**]
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior
District Judge.[***]

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]　　The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Binal S. and Shailesh Patel appeal the district court's dismissal of their amended complaint. The district court granted defendant Wells Fargo Home Mortgage's ("Wells Fargo") unopposed motion to dismiss the Patels' original complaint, brought for alleged improper foreclosure of their property, but granted leave to amend. After the Patels filed their first amended complaint, which added New Hope Capital LLC ("New Hope") as a defendant, the district court heard arguments and granted defendants' motions to dismiss as to all defendants, and allowed the Patels twenty-one days in which to file a second amended complaint. Almost two months after the deadline to file a second amended complaint, the district court, on New Hope's motion, dismissed the case with prejudice for failure to amend the first amended complaint.

The court of appeals reviews a district court's decision to dismiss an action for failure to file an amended complaint in a timely manner for abuse of discretion. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The Patels argue that the district court violated their due process rights by failing to afford them the opportunity to respond before dismissing the case. We disagree.

Pursuant to Fed. R. Civ. P. 41(b), if a party fails to comply with a court order, the court has discretion to dismiss the case. *See* Fed. R. Civ. P. 41(b);

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum---either by amending the complaint or by indicating to the court that it will not do so---is properly met with the sanction of a Rule 41(b) dismissal"). The Patels failed to comply or otherwise communicate their intentions before the deadline to amend; therefore, the district court did not abuse its discretion in dismissing the case.

**AFFIRMED.**