NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN JUSTIN BROWNLEE, | No. 23-2195 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-00261-TLN-JDP |
| v. | |
| JEFFREY W. LYNCH, Warden; FERGUS C. LECKIE, Captain; DESIREE M. PONGYAN, Captain; DANIEL S. STRATTON, Sergeant (A) Lt.; KEVIN W. HIBBARD, Sergeant; RYAN M. PRICE, Correctional Officer; IVAN A. AYALA, Correctional Officer; DESIREE GAYAGOY, Psychiatric Technician; EDGAR U. LOPEZ, Psychiatric Technician; PAMELA C. HESS, Mail Room Offices Services Supervisor II, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted November 20, 2024[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Benjamin Justin Brownlee, a California state prisoner, appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging federal and state law claims stemming from being held in administrative segregation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We vacate and remand.

Although the district court properly dismissed Brownlee's operative complaint for failure to state a claim, the district court dismissed without first providing notice of the claims' deficiencies. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) ("While a statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se plaintiffs, district courts must at least draft a few sentences explaining the deficiencies.").

We vacate and remand for the district court to provide Brownlee with notice

of the claims' deficiencies and an opportunity to amend her claims with the benefit of that notice.

All pending motions and requests are denied.

**VACATED and REMANDED.**