116 F.3d 482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yusuf Ali ANDERSON, Plaintiff-Appellant,
v.
NEVADA DEPARTMENT OF PRISONS; Charles Tierney; E. Roberts;
J. Walsh; George Griggs, Defendants-Appellees.
 No. 96-16090.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
June 5, 1997.
 
 Appeal from the United States District Court for the District of Nevada Howard D. McKibben, District Judge, Presiding
 Before: NORRIS, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Yusuf Ali Anderson, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal as frivolous, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam), and we reverse and remand.
 
 
 3
 A complaint may be dismissed as frivolous only when it contains no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Prior to dismissal, however, the district court must inform a pro se plaintiff of the complaint's deficiencies and provide an opportunity to amend the complaint unless it is apparent that amendment would be futile. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.1995). Moreover, the pleadings of a pro se litigant must be liberally construed. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987).
 
 
 4
 In dismissing Anderson's amended complaint, the district court concluded that Anderson's retaliation claim was frivolous because Anderson had failed to allege the exercise of a constitutionally protected interest against which defendants supposedly retaliated.
 
 
 5
 In his amended complaint, Anderson alleges that he was retaliated against for filing grievances related to deliberate indifference to his medical needs and harassment by prison officials and fellow inmates. Given these allegations, this claim is not frivolous. See Pratt v. Rowland, 65 F.2d 802, 807 (9th Cir.1997); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir.1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985).
 
 
 6
 In addition, Anderson's complaint, liberally construed, alleges that prison officials violated his Eighth Amendment rights with respect to medical treatment related to Anderson's kidney infection and his Fourteenth Amendment due process rights when they placed him in administrative segregation without a hearing. The district court abused its discretion by dismissing Anderson's complaint as frivolous without addressing these claims.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3